# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SHAWN VAN ASDALE, an individual, and LENA VAN ASDALE, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>INTERNATIONAL GAME, TECHNOLOGY, a Nevada corporation,<br><br>    Defendant. | 3:04-CV-00703-RAM<br><br>**ORDER** |

Before the court is Plaintiffs' Motion for Reconsideration (Doc. #201). Defendant opposed the motion (Doc. #205) and Plaintiffs replied (Doc. #209).

## BACKGROUND

The facts of this case have been set forth at length in the court's Memorandum Decision and Order granting summary judgment for Defendant. (Doc. #197). Plaintiffs now ask the court to reconsider that motion, arguing that the court failed to construe the facts in the light most favorable to the Plaintiffs. (Doc. #201). Plaintiffs also argue that the court erred in refusing to consider Plaintiff Shawn Van Asdale's declaration, attached to Plaintiffs' Opposition to the Motion for Summary Judgment. (Doc. #177, Exh. E).

## DISCUSSION

**A.  Standard of Review**

Under FED. R. CIV. P. 59(e) a district court may reconsider and amend a previous order. However, this is "an extraordinary remedy, to be used sparingly in the interests of

finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)(internal quotations omitted).  Absent "highly unusual circumstances" a motion for reconsideration may only be granted where one of three circumstances is present: (1) the court made manifest errors of law or fact upon which the judgment is based, (2) there is newly discovered evidence or previously unavailable evidence, or (3) there is an intervening change in the controlling law.  *Id.*  "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

Here, Plaintiffs move for reconsideration based on their belief that the court committed clear error. (Doc. #201).  They assert that the court erred by (1) "not viewing Plaintiffs' disclosures to Johnson in a light most favorable to Plaintiffs," and (2) "in discounting Shawn Van Asdale's Declaration in its entirety."  (*Id.*).

**B.    Plaintiffs' disclosures to Johnson**

Plaintiffs argue that because Mr. Johnson "was and is an extremely sophisticated recipient of the information the Van Asdales provided to him at the meeting" he must have understood that they were alleging shareholder fraud. (Doc. #201).  Although the court fully understands Plaintiffs argument that an inference *could* be drawn that he understood, the law requires that a whistleblower do more than *imply* that a SOX violation occurred.  As discussed in the order (Doc. #197), the law does not provide that a Plaintiff may merely imply a violation of SOX occurred, "so long as the person "to whom the complaint is made understood the serious nature of [the employee's] allegations."  *Bozeman v. Per-Se Tech., Inc.*, 456 F.Supp.2d 1282, 1359 (N.D.Ga. 2006).  The law requires that  in order to qualify as protected activity the alleged whistleblowing "must implicate the substantive law protected in Sarbanes-Oxley 'definitively and specifically.'" *Id.* at 1359.  Thus, as set forth in the order, we interpret *Bozeman* to require that the alleged whistleblowing activity must incriminate or accuse, not merely imply. (Doc. #197, pp. 9-11).  We further find it interesting that Plaintiffs apparently disagrees with the court's interpretation of *Bozeman* and yet fail to discuss the

2

case at all in the present motion. The court stands by its holding that under the relevant law neither Plaintiff has shown that there remains a dispute of material fact regarding whether they alleged shareholder fraud. At the very best, they implied that there had been shareholder fraud. As discussed in the order (Doc. #197, pp. 9-11), the law requires that a plaintiff do more than imply before he or she can claim the protection of the Sarbanes-Oxley provisions for whistleblowers.

**C.     Plaintiff Shawn Van Asdale's declaration**

Plaintiffs also argue that the court erred in refusing to consider Shawn Van Asdale's declaration. (Doc. #201). In essence, they argue that the declaration does not contradict Plaintiff's previous deposition testimony. (*Id.*). We disagree. As set forth in the order, Plaintiff Shawn Van Asdale testified at his deposition that the fraud he wanted investigated concerned potential fraud on the patent office. In contrast, in his declaration he asserts that he "consistently told [his] supervisors of two possible frauds ... a general fraud on IGT shareholders ... [and] a specific fraud against the U.S. Patent Office ..." This contradicts what Plaintiff asserted in his deposition, which was that he told Mr. Johnson about the potential for fraud on the patent office. (Doc. #173, Exh. 2; Doc. #177, Exh. E). Even construing the deposition in the light most favorable to Plaintiffs, at most Plaintiffs implied that there had been fraud on the shareholders. As discussed above, implying is not enough under the relevant case law. As such, the declaration testimony asserting that it is incorrect that Plaintiffs "told Dave Johnson only about the fraud on the patent office, an the resulting potential for a finding of inequitable conduct" contradicts the deposition testimony, where Plaintiff discussed what he told Mr. Johnson about fraud on the patent office, and never

3

brought up anything about fraud on the shareholders. The arguments Plaintiffs make in the present motion do not persuade the court that we erred in not considering the declaration.[1]

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Reconsideration (Doc. #201) is **DENIED**.

DATED: August 10, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] We note that even if we had considered the declaration, the outcome would remain the same. The declaration asserts that Mr. Johnson "seemed to understand the implications of what we were saying." (Doc. #177, Exh. E). This does not assist Plaintiffs' case, given our analysis of *Bozeman*. (Doc. #197, pp. 9-11). Further, Plaintiff Shawn Van Asdale asserts that he consistently told "his supervisors of two possible frauds," not that he told Mr. Johnson about two frauds. What the other supervisors knew is only relevant if they had some input in the decision to terminate Plaintiff Shawn Van Asdale. (Doc. #197, pp. 17-18).