**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SHAWN VAN ASDALE, an individual, and LENA VAN ASDALE, an individual | 3:04-CV-703-RAM |
| Plaintiffs, | **ORDER** |
| vs. | |
| INTERNATIONAL GAME, TECHNOLOGY a Nevada corporation, | |
| Defendants. | |

Before the court is a Motion For Terminating Sanctions by Defendant International Game Technology (Doc. #188.)[1] Plaintiffs have opposed (Doc. #189), and Defendant has replied (Doc. #190). After a thorough review, the court finds that the motion should be denied.

## I. BACKGROUND

On September 22, 2006, this court entered an order (Doc. #149) granting Defendant's Motion for Terminating Sanctions Against Plaintiffs (Doc. #135). In that order, the court sanctioned Plaintiffs in the form of attorney's fees but declined to award terminating sanctions. (Doc. #149.) The current motion (Doc. # 188) requests a sanction of dismissal based on further discovery developments.

On July 14, 2006, Defendant served Plaintiffs with its Third Request for Production of Documents requesting, among other things, any and all documents, correspondence and communication between Plaintiffs and Bally Technologies (Bally) occurring after Plaintiffs' termination from International Game Technology (IGT). (Pl.'s Opp. to IGT's Mot. for

---

[1] Refers to the court's docket number.

Terminating Sanctions 1 (Doc. #189).) Plaintiffs responded to Defendant's request on August 14, 2006. According to Plaintiffs, they believed at the time that the documents produced in response constituted all emails sent to Bally's counsel. (*Id.*)

On January 30, 2007, Defendant received documents in response to a subpoena issued to Bally's counsel, Hale Lane. (Def.'s Mot. for Terminating Sanctions 1 (Doc. #188).) Within this production was an email dated June 14, 2006, sent by Mark Lenz (counsel for Plaintiffs) to Stephen Peek of Hale Lane (counsel for Bally). (*Id.* at 3.) Plaintiffs concede that this email was erroneously omitted in their August 14, 2006 production to Defendant. (Pls.' Opp. 1-2.) The content of the June 14, 2006 email forms the basis of the current dispute.

## II. LEGAL STANDARD

"All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders . . . . As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 965 (9th Cir. 2004)(citations omitted). For the drastic sanction of dismissal to be proper, the conduct sanctioned must be due to "willfulness, fault or bad faith." *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)(internal quotations and citations omitted). In determining whether to impose the sanction of dismissal, a court weighs five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id*. In most cases, the first two factors favor the imposition of sanctions, while the fourth cuts against a dismissal sanction. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993). Thus, "the key factors are prejudice and the availability of lesser sanctions." *Id*. (citations omitted). A court need not make explicit findings to show that it has considered these factors. *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987).

### III. DISCUSSION

Defendant moves for terminating sanctions based on the June 14, 2006 email sent from Plaintiffs' counsel to Bally's counsel. (Def.'s Mot. 2-4.) Defendant argues that Plaintiffs deliberately failed to produce the email in discovery, improperly disclosed privileged attorney-client material to Bally in the email in violation of the court's sealing order, and continually misled the court to conceal their wrongdoing. (*Id.* at 1.) Defendant contends that Plaintiffs' actions have prejudiced Defendant in the IGT-Bally patent litigation, justifying terminating sanctions. (*Id.*)

Plaintiffs respond that they inadvertently omitted the June 14, 2006 email in their production of documents to Defendant. (Pls.' Opp. 1.) Plaintiffs argue that the June 14, 2006 email does not contain privileged or confidential material because Defendant provided that material to the public in its appellate documents. (*Id.* at 1-3.) Plaintiffs also contend that IGT's present motion for terminating sanctions is untimely and should not be considered by the court. (*Id.* at 6-8.)

**A.    TIMELINESS OF DEFENDANT'S MOTION**

Plaintiffs argue that Defendant's current motion for terminating sanctions is untimely as either a motion for reconsideration pursuant to Fed.R.Civ.P. 59(e) or a motion for relief from a final order pursuant to Fed.R.Civ.P. 60(b). (Pls.' Opp. 6.)

The court entered its order granting Defendant's initial motion for terminating sanctions on September 22, 2006. (Doc. #149.) Under Fed.R.Civ.P. 59(e) a motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment.[2] Defendant filed its current motion for terminating sanctions on February 12, 2007, well beyond 10 days after the court entered its order. However, under Fed.R.Civ.P. 60(b) a court may relieve a party from a final order for a reason that justifies relief. Defendant received Hale Lane's production

---

[2] Amendments to the Federal Rules of Civil Procedure, effective December 1, 2009, require a motion under Fed.R.Civ.P. 59(e) to be filed no later than 28 days after the entry of the judgment. However, the 10-day time frame applies here because judgment was entered before the amendments took effect.

of documents on January 30, 2007, whereupon it discovered the June 14, 2006 email. Defendant could not have moved under Fed.R.Civ.P. 59(e) within 10 days of the court's September 22, 2006 order because it did not receive the documents from Hale Lane until much later. Upon finding the June 14, 2006 email, Defendant properly moved within a reasonable time as required by Fed.R.Civ.P. 60(c). Thus, Defendant's current motion for terminating sanctions is properly before the court.

**B.  TERMINATING SANCTIONS**

The June 14, 2006 email sent from Plaintiffs' counsel to Bally's counsel contained attached emails from Joseph Walkowski to Barry Irwin along with documents relevant to the IGT-Bally patent litigation. (Def.'s Mot. Attachment A.) Central to this dispute is an email dated August 23, 2003, sent from Joseph Walkowski to Barry Irwin (Walkowski-Irwin email). (*Id*. at Attachment A, HLP-000005.) The parties sharply contest when this single email became available to Bally. Plaintiffs contend that it was provided to the public in IGT's appellate documents as early as June 2, 2005. (Pls.' Opp. 3.) Defendants assert that it was produced in violation of this court's sealing order in the June 14, 2006 email from Plaintiff's counsel to Bally's counsel. (Def.'s Mot. 2-3.)

On July 8, 2004, Plaintiffs filed a complaint with the United States Department of Labor, Occupational Safety and Health Administration (the OSHA complaint) under the Sarbanes-Oxley Act. (Doc. #76, Ex. 1.) Paragraph twenty-two of the OSHA complaint states:

> As part of IGT's role of defending patents, Mr. Van Asdale oversaw the preparation of a lawsuit against Bally seeking to enjoin Bally from marketing a newer version of its "Monte Carlo" machine that appeared to violate the third Wheel of Gold patent. Counsel retained by IGT for this purpose was the Chicago law firm of Kirkland & Ellis. Kirkland & Ellis was prepared to file the lawsuit in mid-August 2003. As part of its pre-suit investigation, however, Kirkland & Ellis contacted Mr. Walkowski to gather additional background on any "Monte Carlo" related negotiations that had occurred between Anchor and Bally prior to the Anchor/IGT merger. As a result of that contact, Mr. Walkowski, on or about August 12, 2003, provided Kirkland & Ellis with an electronic copy of the October 18, 2001 Bally letter that disclosed the Australian version of the "Monte Carlo" machine.

(*Id*.)

4

On December 1, 2004, Plaintiffs filed their complaint in this court against IGT (the District Court complaint). (Doc. #3.) Paragraph thirty-seven of the District Court complaint states:

> That same day, August 12, 2003, while Shawn Van Asdale was enroute to Chicago to meet with Barry Irwin, Irwin was continuing preparations for the upcoming Bally litigation. In connection with Bally's anticipated defenses to their patent, Irwin telephoned Mark Hettinger to inquire about the defenses Bally had raised previously. Hettinger advised, ***for the first time,*** that he knew of some written materials Bally had sent to Joe Walkowski in October, 2001. They telephoned Walkowski, and in a matter of moments, Walkowski found the Australian Flyer information, which he had not previously provided to IGT or its patent counsel. Walkowski e-mailed this material to Barry Irwin and Lena Van Asdale.

(*Id.*)(emphasis in original).

On June 2, 2005, IGT appealed this court's denial of its motion to dismiss to the Ninth Circuit. (Doc. #76, Ex. 8.) IGT filed its appeal in the Ninth's Circuit public file. (*Id.*) On March 16, 2006, Bally's counsel obtained a copy of all publicly-available materials on file with the Ninth Circuit, including the OSHA complaint and the District Court complaint. (Doc. #76 at 7.) In an order issued September 28, 2006, the District Court in the IGT-Bally litigation held that IGT voluntarily waived its attorney-client privilege with respect to the documents filed in the Ninth Circuit's public file in this case. (Pl.'s Opp., Ex. 2 at 22.)

Defendant is correct that the Walkowski-Irwin email itself was not disclosed as part of IGT's publicly-available Ninth Circuit filings. Based on the court's review of the evidence, Bally received the email for the first time in the June 14, 2006 email sent from Plaintiffs' counsel to Bally's counsel. Even though Plaintiffs' disclosure of the Walkowski-Irwin email to Bally was in violation of the court's sealing order, for the reasons detailed below, sanctions are not warranted.

Defendant argues that Plaintiffs deliberately withheld the June 14, 2006 email from discovery and repeatedly misrepresented to the court that they produced all discoverable documents. (Def.'s Mot. 9.) Defendant contends that the Walkowski-Irwin email constitutes

5

privileged communication, and that Defendant was severely prejudiced in its litigation with Bally because Plaintiffs provided the email to Bally. (*Id.* at 5-8.) According to Defendant, the harm to it is manifest because Bally's opportunity to review the email and alter its litigation strategy. (*Id.*) Defendant asserts that terminating sanctions are justified under these circumstances. (*Id.* at 9.)

In support of its argument, Defendant points to *Baker v. Transunion L.L.C.*, 2008 U.S. Dist. LEXIS 19597, 2008 WL 544826 (D. Ariz. Feb. 26, 2008). In *Baker*, the court issued a confidentiality order directing the plaintiff not to disclose, publish, or reveal any confidential information she received from the defendant. *Baker*, 2008 U.S. Dist. LEXIS 19597 at *2-3. On her website, the plaintiff stated that she "didn't even know why she signed the [confidentiality order]" and then subsequently summarized the contents of defendants confidential training manual she received. *Id.* at *3. In awarding terminating sanctions to the defendant, the court found that plaintiff willfully and intentionally breached the confidentiality order in bad faith. *Id.* The court determined that the plaintiff's "flagrant violation of the confidentiality order and then daring the defendant to trace provable harm from it makes a mockery of confidentiality and the discovery process." *Id.* at *7. Because the plaintiff very clearly consciously violated the court's order, and no less drastic sanctions would be effective, the court dismissed plaintiff's case. *Id.* at *9-11.

Although Defendant analogizes Plaintiffs' actions here to the plaintiff's in *Baker*, the circumstances are distinguishable. In this case, the Plaintiffs' failure to properly produce a single email, containing a questionably privileged document, is far less egregious with respect to wilfulness and harm. Unlike the plaintiff in *Baker*, who clearly and consciously violated the confidentiality order, Plaintiffs failure to produce the June 14, 2006 email does not appear to have been deliberate. Plaintiffs assert that the June 14, 2006 email was not produced to Defendant because of an oversight in searching Mr. Lenz's email folders. (Pls.' Opp. Decl. of Mark J. Lenz 2-3.) Because Mr. Lenz primarily had contact with a different attorney representing Bally, he failed to search for exchanges between himself and Mr. Peek. (*Id.*) Even

though Defendant vehemently asserts that Plaintiffs deliberately omitted the June 14, 2006 email from their production of documents, the court declines to find that Plaintiffs' omission resulted from anything more than inadvertence.

Additionally, the harm caused by Plaintiffs' disclosure of the Walkowski-Irwin email appears minimal. Defendant argues that the Walkowski-Irwin email is protected by the attorney-client privilege and its disclosure to Bally in violation of the court's sealing order has resulted in substantial harm to Defendant. (Def.'s Mot. 7-8.) However, much of the substance of the Walkowski-Irwin email corresponds to the information contained in the OSHA complaint and the District Court complaint. As discussed above, IGT waived the attorney-client privilege with respect to its publicly-available Ninth Circuit filings that included the OSHA complaint and the District Court complaint. Assuming, without deciding, that the remainder of the information contained within the Walkowski-Irwin email is protected by the attorney-client privilege, the harm to IGT resulting from disclosure of the email appears minimal. After subtracting from the Walkowski-Irwin email those facts disclosed in either the OSHA complaint or the District Court complaint, one is left with a scant amount of information. Walkowski describes the content of the "Australian Flyer," which is explicitly referenced in both the OSHA complaint and the District Court complaint, but does not otherwise provide significant information in the email. Unlike the plaintiff in *Baker*, whose disclosure of a confidential training manual on the internet resulted in significant harm, the Plaintiffs' disclosure of an email containing only a few details not already known to Bally results in far less prejudice to Defendant. The court declines to find that Bally's receipt of the Walkowski-Irwin email from Plaintiffs caused a dramatic shift in litigation strategy that significantly prejudiced Defendant. Even though Plaintiffs produced this lone email in violation of the court's sealing order, their inadvertent error combined with the minimal resulting harm does not justify terminating sanctions.

Plaintiffs' actions also contrast with other cases where courts have imposed terminating sanctions. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091 (9th Cir.

2007)(upholding dismissal where counsel's pattern of deception and discovery abuse arising from his refusal to produce required discovery and comply with orders compelling discovery made it impossible for the truth to be available); *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 355 (9th Cir. 1995)(upholding dismissal as sanction where plaintiff concealed documents for three years, continuously denied documents existed under oath, repeatedly violated the court's publicity order, and violated the courts *in limine* rulings); *Combs v. Rockwell Int'l Corp.*, 927 F.2d 486 (9th Cir. 1991) (affirming dismissal as appropriate sanction for falsifying a deposition); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 589 (9th Cir. 1983)(affirming dismissal of complaint where plaintiff's denials of material fact were knowingly false and plaintiff willfully failed to comply with discovery orders). In sum, Plaintiffs' failure to properly disclose the June 14, 2006 email and their disclosure of the Walkowski-Irwin email to Bally does not rise to a level justifying terminating sanctions.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion For Terminating Sanctions (Doc. #188) is **DENIED**.

DATED: December 8, 2009.

_____
UNITED STATES MAGISTRATE JUDGE